Kirpalani, Maynard M., J.
Background
This matter is pending in Middlesex County due to a transfer of probation supervision of the defendant, Katherine A. Power (“the probationer”), who was originally charged in Suffolk County Superior Court, and who pled guilty in Suffolk County Superior Court to manslaughter and two counts of armed robbeiy. The probationer was sentenced to 8 to 12 years in state prison on the manslaughter charge and on one of the counts for armed robbeiy, to be served concurrently. She was placed on probation on the other armed robbeiy charge for a period of 20 years, also to be served concurrently with the state prison sentence. One of the general conditions of probation, which was incorporated into her conditions for probation, is “You shall not leave the Commonwealth without the express permission of the Probation Department, and, if permission is granted, you shall sign a waiver of extradition and rendition before traveling.”
The probationer, in this motion, seeks permission to travel out of state for an 18-day period from August 20,2013 to September 7,2013 for a family trip to Italy. The probationer requested permission from the probation service for this travel on July 1, 2013. The probation service denied her request that same day.
The court summarizes the facts leading to the probationer’s underlying conviction.[1] On September 23, 1970, the probationer, along with four accomplices, robbed a branch of the State Street Bank and Trust in the Brighton section of Boston. The defendant waited several blocks from the bank in a “getaway” car while three of her accomplices entered the bank and robbed it. A fifth accomplice sat in an automobile across the street from the bank acting as lookout. He was armed with a submachine gun. After the robbers left the bank, two Boston police officers, responding to an alarm, approached the bank. Boston Police Officer Walter Schroeder was shot in the back by the lookout as he attempted to enter the front door of the bank. Officer Schroeder died the following day. Three of the accomplices were captured shortly after the event and a fourth was apprehended in 1975. The probationer remained a fugitive from justice for approximately 23 years.
In September 1993, the probationer, after living for more than two decades under an assumed identity out of state, returned to Massachusetts to surrender herself to the authorities, an event that attracted much notoriety and attention. She pled guilty on September 15, 1993 and was sentenced on October 6, 1993. As noted above, her period of probation began immediately upon sentencing. Accordingly, her probation is scheduled to terminate on or about October 6, 2013.
At the hearing on this motion, the probationer explained that the purpose of her intended travel was to accompany her 84-year-old father-in-law and her spouse to a trip to the father-in-law’s native Italy which is expected to be his final trip to Italy given his age.[2] In support of her request, the probationer points out that, during the period of her probation, she has traveled out of state on numerous occasions without incident.[3] While the court lacks detail of all of her travel, the docket of this court does reflect that within the last two years, four motions for out-of-state travel have been allowed by this court. Three of these trips were for purposes that can be described as educational and one was for a family wedding. At the hearing, the probation service did not take issue with her assertion that she had traveled out of state numerous times during her probation, nor did the probation service take issue with the fact that all of these trips were without incident.
In opposing the motion, the probation service cites to the nature of her criminal offenses, the fact that the travel would take her out of the country and the fact that she absconded after her crimes. For the reasons discussed below, the probationer’s motion for leave to travel will be DENIED.
Discussion
It has been held generally that a condition of probation is enforceable, even if it affects a “preferred” *406 right, where the condition is primarily designed to meet, i.e., “reasonably related” to, the goals of sentencing and of probation. In general, when imposing a sentence, the judge should consider several goals: punishment, deterrence, protection of the public, and rehabilitation. The primary goals of a probationary sentence are rehabilitation of the probationer and protection of the public. Other recognized goals of probation include punishment, deterrence, and retribution.
Commonwealth v. Katherine A. Power, 420 Mass. 410, 414 (1995) (internal citations omitted).
Obviously a restriction on out-of-state travel is a virtual necessity in order to accomplish the goals of sentencing and probation. The probationer does not contend otherwise. Rather, she asks the court to exercise its discretion to permit her travel, principally on the grounds that she has successfully traveled out of state without incident on a number of occasions and has otherwise successfully completed over 19 1/2 years of probation.
Authority of the Court to Entertain this Motion
By memorandum dated January 11, 2012, the Acting Commissioner of Probation, Ronald P. Corbett, Jr., issued the Policy on the Issuance of Travel Permits of the Office of the Commissioner of Probation. The memorandum states, “The Chief Justice for Administration and Management has determined that, except in cases where a judge has specifically reserved the issue of a probationer’s travel to himself/herself, the issuance or non-issuance of travel permits is exclusively within the authority of the probation service. (Emphasis in original.) However, the court is unaware of any statute, regulation, rule of criminal procedure, rule or written policy of the Trial Court or rule or standing order of the Superior Court establishing or supporting that proposition. Absent such published authority, the court is free to exercise its unquestionable authority to modify terms of probation including entertaining a motion for approval of travel, such as the instant motion.
Probationer’s Travel Request
In addition to the issues raised by the probation service in its oral opposition to probationer’s motion, the court notes that the Policy on the Issuance of Travel Permits, supra, provides that the probation service shall in no instance authorize travel permits to travel out of the country. Additionally the policy’s covering memorandum admonishes thát travel permits shall never exceed 14 days.
The Acting Commissioner, in issuing the travel permit policy, notes that it is intended to ensure that travel by a probationer does not prevent the probation service from properly performing its obligation to enforce specific orders of the court, maintain the appropriate level of supervision, and promote public safety. It is also intended to establish a consistent approach to the issuance of travel permits throughout the probation service. Id.
Were the court to exercise its discretion to permit travel out of the country and travel for more than 14 days, it would undercut the goals of this policy and of probationary supervision itself. While the court acknowledges that the probationer’s risk of flight is likely slight based on her past histoxy of out-of-state travel and her overall record in over 19 1/2 years of probation, the court also recognizes that none of her previous travel has been out of the country. A restriction on probationers’ travel out of the country is reasonably related to the goals of sentencing and probation because any probationer who travels outside of the United States is in a position to permanently prevent the court and the probation service from enforcing the conditions of her probation. Even though the probationer proposes to travel to a country which has an extradition treaty with the United States, nothing prevents a probationer engaged in international travel from traveling to one of the many countries with whom our country has no extradition treaty.
The court also recognizes that the probationer’s request does not stem from or present any exigent or compelling circumstances. While the probation service travel policy does not prohibit travel for recreational purposes, the purpose for the travel is an appropriate factor the court may consider in ruling on the probationer’s motion.[4]
It is no doubt frustrating to the probationer that, with approximately 10 weeks to go in a probationary period of 1040 weeks, she be denied the privilege of going on her proposed family trip. It cannot be overlooked, however, that the probationer was convicted of the tragic death of a police officer in the line of duty and for armed robbery. Her sentencing involved both incarceration and probation. The probationary portion of her sentence has not been completed; her rehabilitation, supervision, and, indeed, punishment may soon be over, but they are not yet over. Given the multiple goals of probation, it does not seem unreasonable to decline to grant a travel request that would likely be denied any other probationer. Accordingly, considering all of the circumstances, including the valid reasons advanced by the probation service for denying her request, the policy of the probation service prohibiting international travel, the desirability of uniformity in the probation service’s treatment of travel requests, the probationer’s minimal risk of flight, the fact that the legitimate goals of probation include punishment, the lack of an exigent purpose for her trip and the fact that the probationer should be free as of October 2013 to make her proposed trip, the court declines to exercise its discretion to overrule the probation service’s decision and grant the probationer’s motion. Accordingly probationer’s motion for leave to travel out of state will be denied.
*407 Order
The probationer Katherine A. Power’s Motion for Leave to Travel Out of State is hereby DENIED.

One of the factors that the probation service considers when determining the suitability of a probationer for travel is the nature and circumstances of their crime. See, Policy on the Issuance of Travel Permits, Office of the Commissioner of Probation, January 11, 2012. It is also a relevant factor for the court to consider.

he probationer describes her father-in-law’s current state of health as “good.”

Nile probationer concedes that none of these prior out-of-state trips were out of the country.

Out-of-state travel for educational purposes, as was the case in a number of the trips that this court has permitted probationer to make, might reasonably be viewed as contributing to her rehabilitation, one of the goals of probation.